IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO ZAMORA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| GEORGIOS ON DIVISION, INC, and | ) | Judge |
| DEAN FRANGOS., individually, | ) | |
| | ) | |
| Defendant | ) | Magistrate Judge |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Sergio Zamora, through his attorneys, against Defendant Georgios on Divsion, Inc., and Dean Frangos (hereafter "Defendants") states as follows:

### I.     NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), for Defendants': (1) failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and IMWL.

### II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III. PARTIES

**Plaintiff**

4. At all relevant times, Plaintiff Zamora:

   a. has been an "employee" of Defendants as the term is defined by the FLSA, and the IMWL;

   b. has handled goods that moved in interstate commerce;

   c. had resided in Cook County, Illinois, within this judicial district.

**Defendant**

5. Within the relevant time period, Defendant Georgios:

   a. has been a corporation organized under the laws of the State of Indiana;

   b. has conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d. has had two (2) or more employees who have handled goods that moved in interstate commerce;

   e. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

6. During the relevant time period, Defendant Dean Frangos:

   a. Has been a principal and operator of Defendant Georgios on Division, Inc;

   b. Among other things, has had the authority to hire and fire employees of Georgios on Division, Inc, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in

    decisions regarding the operation of the business and employment policies and practices;

  c. Has been a principal and operator of Defendant Georgios on Division, Inc; and

  d. Was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, 820 ILCS 105/3(c);

### IV. FACTUAL BACKGROUND

6. Plaintiff worked for Defendant within the three years preceding the filing of this lawsuit at Defendant's pizza restaurant in Chicago, Illinois

7. During the course of his employment with Defendant, Plaintiff regularly worked well in excess of forty (40) hours in a workweek.

8. Defendant failed to compensate Plaintiff at time and a half Plaintiff's regular or federal and Illinois mandated rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

9. For example, Plaintiff was compensated at this straight time rate for all time worked for defendant.

10. Additionally, Plaintiff was not compensated at all for this last two week worked for Defendants.

11. Plaintiff was not compensated at least federal and Illinois-, mandated minimum wage for the last two weeks he worked for Defendant.

### COUNT I
### Violation of the FLSA – Minimum Wage

Plaintiff incorporates and re-alleges paragraphs 1 through 11 as though set forth herein.

12. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff at least the federally mandated minimum wage rate for all time worked, described more fully in paragraphs 10-11, *supra*.

13. Defendants suffered and permitted Plaintiff to work in the three (3) years prior to Plaintiff filing this lawsuit.

14. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

15. Plaintiff was entitled to be paid not less than the federally mandated minimum wage rate for all hours worked in individual workweeks.

16. Defendants did not pay Plaintiff at least the federally mandated minimum wage rate for all hours worked in individual workweeks.

17. Defendants' failure to pay Plaintiff at least the federally mandated minimum wage rate for all time worked was a violation of the FLSA.

18. Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the federally mandated minimum wage rate and the hourly wage rate paid to Plaintiff by Defendants;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from continuing to violate the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 18 as though set forth herein.

19. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a workweek, described more fully in paragraphs 6-9, *supra*.

20. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

21. Plaintiff was not exempt from the overtime provisions of the FLSA.

22. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

23. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

24. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

25. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from continuing to violate the FLSA;

E. Reasonable attorneys' fees and costs as provided by the FLSA;

F. Such other and further relief this Court deems appropriate and just.

**COUNT III**

**Violation of the IMWL – Minimum Wages**

Plaintiff incorporates and re-alleges paragraphs 1 through 25 as though set forth herein.

26. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff at least the Illinois mandated minimum wage rate for all time worked, described more fully in paragraphs 10-11, *supra*.

27. Defendants suffered and permitted Plaintiff to work in the three (3) years prior to Plaintiff filing this lawsuit.

28. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

29. Plaintiff was entitled to be paid not less than the Illinois mandated minimum wage rate for all hours worked in individual workweeks.

30. Defendants did not pay Plaintiff at least the Illinois mandated minimum wage rate for all hours worked in individual workweeks.

31. Defendants' failure to pay Plaintiff at least the Illinois mandated minimum wage rate for all time worked was a violation of the IMWL.

32. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for the three (3) years prior to filing this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the Illinois mandated minimum wage rate and the hourly wage rate paid to Plaintiff by Defendants;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants violated the IMWL;

D. That the Court enjoin Defendants from continuing to violate the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the IMWL – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 32 as though set forth herein.

33. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff time and a half his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, described more fully in paragraphs 6-9, *supra*.

34. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

35. Plaintiff was not exempt from the overtime provisions of the IMWL.

36. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

37. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

38. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for the three (3) years prior to filing this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants violated the IMWL;

D. That the Court enjoin Defendants from continuing to violate the IMWL;

E. Reasonable attorneys' fees and costs as provided by the IMWL;

    F.    Such other and further relief as this Court deems appropriate and just.

        Respectfully submitted,

Dated: May 18, 2015

    <u>s/Alvar Ayala</u>
    Alvar Ayala (ARDC #6295810)
    Christopher J. Williams (ARDC #6284262)
    Workers' Law Office, P.C.
    401 S. LaSalle St., Suite 1400
    Chicago, IL 60605
    (312) 795-9121

    Attorneys for Plaintiff